IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIFFANY M. BROOKS,

    Petitioner,

v.                                    Case No. 4:14cv428-RH/CAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about August 13, 2014, Petitioner Tiffany M. Brooks, a federal prisoner proceeding pro se, filed a "Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Programming." ECF No. 1. After direction by this Court, ECF No. 3, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 4. On November 24, 2014, Respondent filed an answer, with exhibits. ECF No. 9. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 7.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes this petition should be denied.

## **Background**

Petitioner Tiffany M. Brooks was a Dentalman on active duty in the U.S. Navy when she was sentenced, in June 2005, to life in prison and a dishonorable discharge by a General Court-Martial, after she pled guilty to charges of conspiracy, in violation of Article 81 of the Uniform Code of Military Justice (UCMJ); pre-meditated murder, in violation of Article 118 of the UCMJ; and obstruction of justice in violation of Article 121 of the UCMJ. ECF No. 9 Ex. 2.  Due to her cooperation, however, her term of imprisonment was ultimately limited to sixty-five (65) years.  *Id.* Ex. 3 at 16. Petitioner appealed and the U.S. Navy-Marine Corps Court of Criminal Appeals affirmed her conviction and sentence.  United States v. Brooks, No. NMCCA 200600571, 2006 WL 4573101 (N.M. Ct. Crim. App. Dec. 13, 2006).  On review, the Court of Appeals for the Armed Forces, in June 2007, invalidated a condition of her sentence that required her to forgo appearing before the Navy Clemency and Parole Board (NCPB) for the first twenty-five (25) years of her imprisonment.  *See* ECF No. 9 and Ex. 3.

Shortly thereafter, Brooks presented her case to the NCPB.  The NCPB reviewed the case and, on October 31, 2007, decided not to grant clemency.  ECF No. 9 Ex. 4.  Clemency review by the NCPB for

Petitioner's case "shall be at least annually" as it has now been ten years from the date her confinement began. *Id*. Ex. 5 at IV-4.

In October 2008, Brooks was transferred from military custody to serve the remainder of her sentence in federal prison. *Id*. Ex. 6. According to the terms of the transfer, the United States Disciplinary Barracks "has administrative control over [Brooks] for the purpose of disposition boards and sentence computation." *Id*.

As indicated above, Brooks initiated the case in this Court on or about August 13, 2014, by filing a "Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Programming." ECF No. 1. The case was opened as a habeas proceeding, and Brooks filed a form petition pursuant to 28 U.S.C. § 2241. ECF No. 4. In her § 2241 petition, Brooks raises two grounds, asserting (1) she received 22 various certificates during her incarceration, reflecting her Institution Program Achievement, and (2) she has completed a 2-year paralegal certificate program as well as other programs. ECF No. 4 at 3. Given these achievements, she requests a reduction in the length of her sentence. *Id*. at 6.

Respondent filed an answer, asserting § 2241 affords Brooks no relief and her claim is "best suited for submission to a clemency or parole

board, such as the NCPB." ECF No. 9 at 4. Respondent argues the petition should be dismissed because Brooks has not stated a claim cognizable under § 2241, fails to allege deprivation of any constitutional right, and has no constitutional right to clemency or parole. *Id.* at 7.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See* United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213.

A member of the U.S. armed services convicted in a court-martial proceeding may challenge that conviction and resulting confinement through a petition for writ of habeas corpus in federal civil court "[b]ut in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases." Burns v. Wilson, 346 U.S. 137, 139 (1953). "It is the limited function of the civil courts to

determine whether the military have given fair consideration to each of the[] claims." Burns, 346 U.S. at 144. "[W]hen a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.* at 142; *see, e.g.*, Betonie v. Sizemore, 496 F.2d 1001, 1005 (5th Cir. 1974) (explaining federal district court had jurisdiction under general habeas corpus statute, 28 U.S.C. § 2241, where military petitioners "are questioning the validity of the judgments which led to their confinement, alleging that the military proceedings leading to their sentences were fatally defective because they were deprived of the basis constitutional guarantee of assistance of counsel"); U.S. ex rel. Berry v. Commanding General, Third Corps, Fort Hood, Texas, 411 F.2d 822, 824 (5th Cir. 1969) (quoting Burns and stating: "That the federal civil courts have jurisdiction of applications for habeas corpus brought by persons in confinement by military authorities is undoubted. But it is clear that the scope of matters open for review is narrower than in civil cases.").

In this case, Petitioner Brooks does not challenge her conviction. Rather, she asserts that because she has completed various courses and programs while incarcerated, her sentence should be reduced. As the

Government explains in its response, Petitioner has no constitutional right to a sentence reduction.   See Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981) ("Unlike probation, pardon and commutation decisions have not traditionally been the business of the courts; as such, they are rarely, if ever, appropriate subjects for judicial review . . . .   [A]n inmate has no 'constitutional or inherent right' to commutation of his sentence." (citations omitted)).   Indeed, Petitioner does not appear to allege any constitutional violation.

Further, Petitioner is not here challenging a decision denying a request for sentence reduction or indeed any decision rendered by the military justice system at any level.   She simply asks this Court to reduce her sentence.   As explained above, however, the NCPB conducts clemency review for Petitioner's case, ECF No. 9 Ex. 5 at IV-4, and the United States Disciplinary Barracks "has administrative control over [her] for the purpose of disposition boards and sentence computation,"   Id. Ex. 6.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 4) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2016.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.